Good morning, Your Honor. Catherine Alfieri on behalf of Rama K. Hiralal. This Court certified three questions in the Certificate of Appealability, and I will be addressing the first one, which is whether the defendant's plea was knowing and voluntary. And Mr. Goldscheider will be addressing the remaining two issues. And I'd like to reserve, if I may, two minutes for rebuttal. Yeah, the only condition I've put is you've got to pick who's going to do it. Okay.  Yes, I'll be doing the rebuttal. Okay, thank you. Go right ahead. Okay. Here, the contention is, is that the plea was neither knowing nor voluntary because the defendant was not informed of, nor did he understand, two of the five critical elements of a 3146 offense. Can you move the mic a little closer to you and speak into it directly? Yes, sir. Is that better? All right. Okay. First is the element that he was willful in his failure to surrender, and second is that he was aware of a valid court order requiring his surrender. We got in, in the briefing, into the question of willfulness versus knowingly. I think at this point, whether we utilize the word willful or we utilize the word knowing, it's clear that 3146 requires conduct that is volitional, that's deliberate, that's intentional, that's not unwitting. And so I would argue that a defendant must be first aware that of a valid court order that he's consciously disobeying, not unwittingly, inadvertently, or mistakenly disobeying. And in this case, in the plea colloquy, Mr. Hiralol indicates that he is not aware of a valid court order. He says in the plea colloquy, I was confused by the court orders. There was one court order that required his surrender on March 5th. There was another court order that his attorney interpreted for him that required his surrender on May 25th. Mr. Hiralol indicates that his attorney told him he had until May 25th to self-surrender and that he was making plans to do so, and that his attorney specifically told him that he wasn't a fugitive and that Judge Lake's surrender order was not yet in effect. And that might just be hyperbole to a certain extent, except in this case we have the declaration from Attorney Kenneth Owens who says, yes, I told the Hiralols that they were not fugitives. He says, I told the Hiralols that Judge Lake's order was not in effect, and confirms all of the representations made during the plea colloquy. Second, on the second element is the question of willfully or consciously disobeying a court order. Mr. Hiralol plainly says in the plea colloquy, quote, we did not knowingly want to disobey. What do we make of their behavior when the marshals came? Well, I think that was Mr. Birch's, AUSA Birch's, factual predicate for the plea. And that was not proven. I mean, that was what his proffer was, that they were at a house, that someone said they weren't there. All of the evidence in the record that has been sworn to indicates that they believe that they had until May 25th to self-surrender. And that I can't comment on evidence that isn't proven or that there's no basis for. I mean, not that I doubt Mr. Birch's word, but that was his proffer to the court as he asked. But let's assume that his proffer is entirely accurate. If they didn't think that they were obligated to report, why would they hide? Well, I at this point, Your Honor, I think it's a difficult question for me to answer simply because I'm not – I don't have the facility of all those facts as to what happened. That is certainly what Mr. Birch reported. I can't attest to the factual accuracy of them. But the argument we're making is not whether they had an imperfect device of counsel defense or whether they had a factual defense to those charges. What we're arguing is that they did not understand the elements of the offense which they were charged with. And that is the focus of this argument, is that they clearly did not understand it. A criminal defendant who says in a plea colloquy, we didn't intend to disobey the order, when the – one of the factors is willful disobedience of a valid court order. A defendant who says we didn't think the court order was in effect, with an attorney's I informed them they weren't in effect, clearly raises, and I think confirms, the fact that these defendants did not understand none of the elements. They weren't informed of the elements, they didn't understand the elements, and they certainly didn't understand the elements in relation to the facts of this case. Counsel, they were given a four-month extension of their sentence, and that was the I think the problem – the problem with what happened in court in this plea is that everyone treated this offense like a strict liability offense. If you had knowledge of the court order and you didn't show up, it's a violation of 3146, and that is not – that is not the law.  The law requires willfulness and knowledge of a valid court order. Now, whether it was a good deal or not, whether they would have gotten an eight-month sentence if they had gone to trial and pressed this defense or – or factually, I can't really comment on. But they certainly – Well, but the issue really is, should the plea bargain be withdrawn? Well, should the plea be vacated as unknowing and involuntary? It definitely was 50 percent of what they were exposed to. They came in at eight months and they got a four-month sentence. I think their attorneys advised them that that was the case. I – the question for me is not what – not the amount of the sentence, not – not whether eight months versus four months was a good deal. The question is, did these defendants understand what they were pleading guilty to? You're into your colleagues' time. Yes. Thank you, Your Honor. Counsel. The question of whether or not this ineffective counsel really is the other side of a coin. You are? Peter Goldschneider for Penahill. I'm sorry. We just want to have that on the record. Right ahead. The question of whether or not this ineffective counsel is really the other side of a coin as to whether or not the plea was involuntary, because the record's undisputed that the – both defendants claimed and alleged that they weren't aware of the need to surrender. So their allegations are clear from their – the colloquy with the court, from other documents. The question is whether or not the plea is involuntary or whether it was the responsibility of counsel to advise them as to potential defenses. Now, the government conjoins the issue of the advice of counsel defense with the question of the voluntariness of the plea, but if it's not the duty of the courts to give this information and to ascertain whether or not they believed there was such a defense and whether or not they had some reason not to surrender, certainly based on their allegations of belief that they didn't have to surrender, it was the responsibility of counsel to give that advice. So certainly the district court was under some obligation to grant an evidentiary hearing on this issue if it did not feel that there was any problem with the colloquy with the courts. At such a hearing, such issues as the behavior of the defendants could be raised at such a hearing to determine if there was any prejudice to the advice of counsel, the issue of whether or not the offer that was made was intelligently accepted in lieu of going to trial and having this defensive trial, this is the kind of evidence that could have been presented at an evidentiary hearing if the court was not under the responsibility to make these statements or make this clear, the voluntariness of the plea, knowingly versus willfully, then it was the responsibility of counsel to do so, and certainly based on the allegations of the defendants, the district court should have inquired further through the granting of an evidentiary hearing. So as I said, the IAC is really the other side of the coin of the colloquy issue. One way or the other, it's undisputed that the defendants did not seem to really realize or claim they didn't realize that they were under responsibility to surrender. The only other comment I have on the indictment, failure to bring the indictment into motion to dismiss the indictment, is the Weaver case is right on point as far as the responsibility of counsel to do that. The government's position is it could have been simply a re-indictment. We don't know that. There's no evidence in the record to suggest it. I know of no case law that allows harmless error and lack of prejudice to extend over such subsequent events that could have occurred or could not have occurred here. The attorneys saw the indictment, saw it was insufficient, and should have moved to dismiss it. So that's the basis of our claim with regard to that issue. Thank you very much. Roberts. We have about a minute for rebuttal. We'll hear from the government at this time. Good morning. Kirsten Alt for the United States. On the first issue of the knowingness and voluntariness of the plea, counsel now seems to be arguing that it wasn't that defendants weren't adequately informed of the elements, but that they didn't – but that they wanted to persist in their advice of counsel defense in spite of their plea. That doesn't really seem to make a lot of sense. There was a lot – there's a lot of evidence in the record here that the defendants were very well aware of the advice of counsel defense, that they must have engaged in extensive discussions with it, with their counsel, because it – it ended up resulting in a very favorable plea agreement to them. The advice of counsel, instead of being a full defense to the charge, ended up being the reason why they got a 4-month sentence instead of the minimum 12-month sentence that they would have gotten had they gone to trial. And the reason why we're here talking about voluntariness is because that is the question before this Court. We are here on an appeal from a 2255 petition, which means that the standard of review is whether there was a constitutional error or jurisdictional error or something that affected the fundamentalness of the – of the procedures. And also, because there was a guilty plea entered here, the question at the end of the day is whether the defendants would have pled guilty had they known of the circumstances they're complaining in error, which is had they known of the elements of the offense. Well, there's plenty of evidence in the record that they did know what the elements of the offense were. The most important piece of evidence, we think, is the letter from Counsel Peterson to Mr. Herolal setting out that he thought that willfulness was an element of the offense and he thought they might have a defense to that in this advice of counsel, and he clearly set that forth to him in July, several months before they pled guilty. So Mr. Herolal was clearly aware that willfulness, at least according to his counsel, was an element of the offense. In spite of that, after discussions with his counsel, after his counsel had discussions with the government, the Herolals chose to plead guilty. So there's simply no way we can conclude from this record that the Herolals had they – that the Herolals didn't know that some case law out there was holding that willfulness was an element of the offense, and that had they known that, they would not have entered their guilty pleas. So we submit that the standard that this Court must consider on an appeal from a 2255 petition is simply not met. On the effective assistance of counsel claim, as Judge Fletcher has pointed out, there's simply nothing ineffective about what counsel did here. Counsel entered into a perfectly reasonable plea agreement. In fact, it was an incredibly favorable plea agreement to the defendants. Instead of persisting in a defense that was questionable at best, counsel used that – the possibility of that defense to get the government to agree to a downward departure of half of the minimum – half of the minimum sentence the defendants would have gotten under their plea agreement. That is very effective representation, we submit. And in addition, there's no showing of prejudice here, because, again, there's no showing that the defendants would not have entered their guilty plea had they – had the Court inform them or the Court use the word willfulness during the plea colloquy. I suppose there's only one more point I would like to make to the Court, and that is that as we've set forth in our papers, this Court and the Supreme Court have consistently said that the terms knowingly and willfully for most purposes are interchangeable. And we submit that the same is true here in this statute. The statute 3146 actually uses the term knowingly and not the term willfully. The term willfully is a carryover from 3150. And the fact that the Court has occasionally in its case law used the words from – that were previously used to interpret 3150 doesn't mean that willfully still persists in the 3146 statute. It seems to be dispensant in the law to use two words when one will do, cease and desist, et cetera. Yes, Your Honor. And during the plea colloquy, what AUSA Birch actually set forth was he actually gave them additional information on the mens rea for the offense.  He had to say that they knew that they had to surrender to the order and that they knowingly failed to follow the court order to surrender. So he actually had three knowingly's in there. When the statute only has a knowingly and an intention – the statute only has a knowingly, but jury instructions have a knowingly and an intentionally, and Weaver has a knowingly and a willfully. And we submit that all of those things mean the same thing, and that is what the Hero Laws did, which is they knew there was an order out there for them to surrender. They knew that they had to surrender pursuant to that order, and they didn't do it. And one of the reasons why they knew they had to surrender – there are two important reasons why they knew they had to surrender to that order. One is that they had a conversation with a pretrial services officer on May 8th or March 8th, shortly after they were supposed to surrender, who told them there was a warrant out there for their arrest, and instead of going in pursuant to that order, they had to follow the erroneous advice of their counsel and ignore the warrant that was out there for their arrest. Now, if they knew there was a warrant, they had to know that the court was out there looking for them and that their counsel was probably wrong. And even if they didn't, this Court has consistently held that following the erroneous advice of counsel does not mean that you're exempt from contempt of court. The second reason that they had to know was because before every time when they didn't have to surrender pursuant to Judge Legg's original order, Judge Legg had issued a new order saying you don't have to surrender. And if they could just ignore Judge Legg's order, then why did he have to issue a new one every time? They – they had appealed Judge Legg's denial of their motion for bail previously, and they still had to be out on Judge Legg's order that time. Why was it different this time? So we would submit that all of the evidence on the record demonstrates that they did know what the elements of the offense were. They believed that they had this advice of counsel defense, but they discussed that extensively with their counsel. They came to a resolution which was this favorable plea agreement. That was the voluntary and intentional decision that they made, to enter into this plea agreement to plead guilty as opposed to persisting in this advice of counsel defense. And it was not an effective decision of counsel, and they need to be held to that decision now. Okay. Thank you for your argument. I'll hear rebuttal at this time. I think you have about a minute. Thank you, Your Honor. I just want to say that the advice of counsel defense is irrelevant. And what's interesting is that Appelli never mentions the plea colloquy, and that is all we rely upon in this case, is the plea colloquy. The words of Mr. Hirolal indicating that he was confused of the issues, he was unaware of the court order, and that he relied on his counsel in failing to surrender and that it wasn't willful. There is a ton of evidence in the plea colloquy. I ask the Court to look at the record at ER 62 to 65 and look at Mr. Hirolal's words where he says we did not intentionally want to disobey. And no matter what they do, they can't get away from the plea colloquy. And that is when the plea was entered. Thank you. Okay. Thank you. Thank both counsel for their arguments. The case just argued will be submitted for decision. We'll proceed to the next case on the docket, which is the United States v. Leon Paz.
judges: Lay, B. Fletcher, Hawkins